**BOYNTON et al. v. BURROWS et al.**

No. 9673.

United States Court of Appeals District of Columbia.

Argued April 5, 1948.

Decided April 26, 1948.

760

Mr. H. Max Ammerman, of Washington, D. C., with whom Mr. Louis Ottenberg, of Washington, D. C., was on the brief, for appellants.

Messrs. Earl H. Davis and Alden W. Hoage, both of Washington, D. C., for appellees.

Before CLARK, PRETTYMAN and PROCTOR, Associate Justices.

PROCTOR, Associate Justice.

On June 5, 1945, Mrs. Mary J. Burrows Baynes, ninety-one years of age, conveyed certain land to Elliot R. Boynton and Anne V. Boynton, appellants, for a cash consideration of $4,000. On October 19, 1945, Mrs. Baynes was adjudicated insane and Alden W. Hoage was appointed Committee of her estate. In that capacity he sued in the District Court for reconveyance of the land, alleging mental incapacity of the grantor and inadequacy of consideration. After this appeal was perfected Mrs. Baynes died. The present appellees, successors of Mrs. Baynes, have been substituted for Hoage, the Committee.

At the trial many witnesses produced by the Committee, testified as to the mental condition of Mrs. Baynes. The evidence covered a period beginning several years before execution of the deed and extending on until the adjudication of insanity. The court found that Mrs. Baynes lacked mental capacity to execute the deed and that the consideration was grossly inadequate. It ordered a reconveyance of the land, subject to repayment of the $4,000. This appeal is from that judgment.

Errors are assigned in the admission of evidence as to the mental condition of Mrs. Baynes before the date of the deed, and as to sufficiency of the evidence to support the findings of mental incapacity and inadequacy of consideration. In our opinion these points are not well taken.

Where the mental condition of a person is under inquiry as of a particular time, his prior and subsequent condition may be inquired into for the purpose of reflecting upon his mental state at the time in question. Hart v. United States, 1942, 76 U.S.App.D.C. 193, 194, 130 F.2d 456 and authorities cited.

It would serve no useful purpose to review in detail the extensive evidence concerning the mental condition of Mrs. Baynes. Suffice it to say that it amply supports the conclusion of the trial judge that Mrs. Baynes lacked mental capacity to understand the nature and effect of her act in executing the deed.

Upon the question of consideration several expert witnesses gave values ranging from $9,037 to $11,295. If the property had any such value there was a gross inadequacy of consideration.

Although the evidence upon the issues was conflicting, that supporting the conclusions of the court was substantial, and in our opinion convincing. The case fits closely into the pattern of Allore v. Jewell, 1876 94 U.S. 506, 24 L.Ed. 260. There the court (94 U.S. page 511, 24 L.Ed. 260) stated as settled law that whenever there is great weakness of mind in a person executing a conveyance arising from age, sickness or other cause, though not amounting to absolute disqualification, and the consideration given for the property is grossly inadequate, a court of equity will upon proper and seasonable application set the conveyance aside.

Affirmed.